JESÚS ZEQUEIRA BLANCO y su esposa NELLIE J. DE ZEQUEIRA, demandantes y recurridos, *v.* PERIÓDICO EL MUNDO, INC., demandado y peticionario.

*Número:* O-76-201          *Resuelto:* 18 de octubre de 1977

*Rivera Cestero & Marchand Quintero*, abogados del peticionario; *Manuel J. Medina Aymat, Angel R. de Corral Juliá, Alfonso Miranda Cárdenas* y *Guillermo Silva Janer*, abogados de los recurridos.

OPINIÓN emitida por el Juez Asociado Señor Torres Rigual(*) a la cual se unen los Jueces Asociados Señores Dávila, Martín y Negrón García.

Este caso complementa la decisión emitida en el día de hoy en *Torres Silva* v. *El Mundo, Inc.*, 106 D.P.R. 415 (1977), con respecto a las normas y principios de derecho que gobiernan las acciones de libelo ejercitadas por funcionarios públicos. Allí consideramos la fase relativa a las acciones de libelo ejercitadas por personas privadas.

En edición del 20 de junio de 1965, el periódico El Mundo publicó un editorial titulado "El Asombroso Caso Ojeda" enjuiciando el sistema de fianzas en casos criminales como uno de patética permisibilidad. Se afirmó en el editorial que el recurrido Zequeira Blanco en el ejercicio de sus funciones como Juez de Distrito había rebajado a $12,000 la fianza a Filiberto Ojeda, quien estaba acusado de violar la Ley de Explosivos. Este hecho no era cierto y El Mundo rectificó prontamente la información aclarando que el recurrido Jesús Ze-

---

(*)NOTA DEL COMPILADOR: Esta opinión no fue certificada como opinión del Tribunal Supremo.

queira Blanco no había tenido nada que ver con el caso de Filiberto Ojeda Ríos. No obstante, el recurrido Zequeira instó inmediatamente una acción reclamando daños por las alegadas imputaciones libelosas del editorial.

El Mundo solicitó sentencia sumaria para desestimar la demanda aduciendo que para la fecha a que se referían los hechos mencionados en el editorial el recurrido Zequeira era un funcionario público y, por tal razón, tenía que alegar y probar la existencia de malicia real con prueba clara y convincente. Acompañó su moción con una declaración jurada suscrita por el Editor de Noticias Darío Carlo Vélez de la cual surge que éste obtuvo la información sobre la reducción de fianza del Sr. Ramón Díaz, Director de Relaciones con la Comunidad de la Policía; que era costumbre de los periodistas dirigirse al Sr. Díaz para este tipo de información por ser él vocero oficial de la Policía; que conocía al Sr. Díaz hacia más de 25 años manteniendo con él una relación estrecha de amistad y compañerismo, considerándolo una fuente informativa de gran confiabilidad por su vasta experiencia en este campo.

El tribunal de instancia se negó a dictar sentencia sumaria resolviendo que el recurrido Zequeira no tenía que probar malicia real, ya que se trataba de una equivocación en el nombre no siendo de aplicación la norma restrictiva de *New York Times* v. *Sullivan*, 376 U.S. 254 (1964) y que bastaba para sustanciar su causa de acción prueba de negligencia; y, que aun asumiendo que la norma restrictiva fuera aplicable, la declaración jurada presentada por El Mundo en apoyo de su moción de sentencia sumaria no era suficiente para concluir que no existió malicia, y, aunque se pudiera concluir que El Mundo no tenía conocimiento de la falsedad de la manifestación, no podía concluirse que no fue hecha con indiferente menosprecio de si la misma era falsa o no.

Concedimos término al recurrido para que compareciera a mostrar causa, por la cual no se debía expedir el auto, y

una vez expedido, revocar la resolución recurrida. Hemos considerado sus argumentos en oposición a la expedición del auto y estamos plenamente convencidos de que la resolución recurrida no puede prevalecer.

La mezcla de conceptos en que incurre la decisión recurrida hace necesario hacer las distinciones de rigor para mantener con precisión y claridad la aplicación de las normas de responsabilidad en este caso.

■ El editorial en cuestión se refiere a hechos acaecidos durante la incumbencia del recurrido Zequeira Blanco en el cargo de Juez de Distrito y en relación con sus ejecutorias oficiales como tal. El era, por tanto, un funcionario público que se rige por la norma restrictiva de *New York Times* v. *Sullivan*, supra, al efecto de que para recuperar daños por una manifestación difamatoria es indispensable demostrar la existencia de malicia real, es decir, que la manifestación fue hecha a sabiendas de que era falsa o con grave menosprecio de si era falsa o no.

■ La norma de responsabilidad fundada en negligencia sólo se aplica a la acción de libelo ejercitada por una persona privada, conforme nuestra decisión en *Torres Silva* v. *El Mundo, Inc.*, supra. Incidió el tribunal de instancia, por tanto, al determinar que Zequeira no venía obligado a demostrar la existencia de malicia real.

No hay alegación de hecho alguna en la demanda sobre la existencia de malicia real, limitándose las alegaciones a la conclusión de derecho de que la manifestación fue hecha con malicia. Tampoco en la oposición a la moción de sentencia sumaria adujo el recurrido hecho alguno para refutar la declaración jurada del Sr. Darío Carlo Vélez y establecer una controversia sobre la existencia de malicia real. Esto en sí era motivo suficiente para dictar sentencia sumaria desestimando la demanda.

■ El recurrido insiste en su oposición al recurso que no es necesario probar el elemento de malicia real porque la Ley

de Libelo y Calumnia la presume. Ya dispusimos de igual contención en *Torres Silva* v. *El Mundo, Inc.*, supra, en forma adversa al recurrido.

■ Reiteramos, en rechazo del argumento del recurrido de que la libertad de prensa sólo cubre la publicación de informaciones correctas, que las manifestaciones erróneas son inevitables en la discusión de los asuntos públicos. El propósito de la garantía constitucional es mantener un clima abierto para la discusión franca y vigorosa de los asuntos de interés público y de la conducta y ejecutoria de los funcionarios públicos. *Torres Silva* v. *El Mundo, Inc.*, supra. Por eso, la libertad de prensa incluye tanto la manifestación veraz como la incorrecta; ". . . el ataque vehemente, cáustico y muchas veces desagradablemente punzante al gobierno y funcionarios públicos." *New York Times* v. *Sullivan*, supra a la pág. 270.

La acción del recurrido sólo puede prosperar alegando y probando que El Mundo tenía conocimiento de la falsedad de su afirmación o, por lo menos, que tenía serias dudas en cuanto a su veracidad. *Cf. St. Amant* v. *Thompson*, 390 U.S. 727 (1968).

*Se dictará sentencia revocando la resolución aquí recurrida y desestimando la demanda incoada por el recurrido.*

El Juez Presidente Señor Trías Monge se inhibió; el Juez Asociado Señor Rigau no intervino; el Juez Asociado Señor Torres Rigual emitió opinión a la cual se unen los Jueces Asociados Señores Dávila, Martín y Negrón García; los Jueces Asociados Señores Díaz Cruz e Irizarry Yunqué concurren con el resultado por los fundamentos expresados en su voto concurrente en *Torres Silva* v. *El Mundo, Inc.*, 106 D.P.R. 415, resuelto en el día de hoy.